UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE GARRISON,

    Plaintiff,

v.                                                                                                              Case No. 8:18-cv-271-T-24-AAS

ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 7). Defendant opposes the motion. (Doc. No. 14). As explained below, the motion is granted.

**I. Background**

Plaintiff Denise Garrison alleges the following in her complaint (Doc. No. 2): On October 25, 2016, an under-insured driver negligently drove his car and collided with Plaintiff's car, resulting in bodily injuries to Plaintiff. At the time of the accident, Plaintiff was insured by Defendant Allstate Property & Casualty Insurance Company. That insurance policy provided under-insured motorist ("UM") benefits of $100,000 per person, per occurrence. Plaintiff made a claim for UM benefits, but Defendant failed to settle her claim.

As a result, Plaintiff filed suit against Defendant in state court, asserting two claims: (1) a claim for UM benefits, and (2) a claim that Defendant's failure to settle her UM claim was done in bad faith.[1] Plaintiff states in her complaint that she is seeking damages in excess of $15,000.

Defendant removed the case to this Court on the basis of diversity subject matter jurisdiction. There is no dispute that the parties are diverse. However, Plaintiff filed the instant motion to remand, arguing that Defendant has not shown that the amount in controversy threshold has been met, and as such, this Court lacks diversity subject matter jurisdiction over this case.

**II. Motion to Remand**

Plaintiff argues that this case must be remanded to state court, because Defendant has not met its burden of showing that the amount in controversy exceeds $75,000. Defendant has the burden of establishing that federal jurisdiction exists. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citation omitted). As explained below, the Court agrees with Plaintiff that Defendant has not met its burden.

Since Plaintiff has not pled a specific amount of damages in her complaint, Defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. See id. (citation omitted). As explained by the Eleventh Circuit:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional

---

[1] Plaintiff has filed a motion to abate her bad faith claim, as it is not yet ripe. (Doc. No. 3). Defendant opposes such relief and has moved for dismissal of the un-ripe bad faith claim. (Doc. No. 6). Because the Court finds that remand is required, the Court will not address the pending motions directed at the bad faith claim.

> requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

Id. at 1319-20.

On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. See id. However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

To support its contention that the amount in controversy exceeds $75,000, Defendant relies on two things. First Defendant relies on Plaintiff's pre-suit demand letter seeking $100,000. (Doc. No. 14-1). However, Plaintiff provides no factual basis in her demand letter to support her $100,000 demand. Instead, she simply requests that Defendant tender its $100,000 UM policy limit.

Second, Defendant relies on Plaintiff's Civil Remedy Notice ("CRN") that is attached to the complaint.[2] (Doc. No. 2-1). Plaintiff states the following in her CRN: "The Insurance

---

[2] A CRN must be filed before a person can assert a bad faith claim under Florida Statute § 624.155. See Fla. Stat. § 624.155(3)(a).

Carrier has not paid the policy limits in this case which presently clearly warrants payment of the aforementioned policy limits." (Doc. No. 2-1).

Because the UM policy limit is $100,000 per person, and because Plaintiff has made a $100,000 pre-suit demand and had stated in her CRN that she is demanding the policy limit, Defendant argues that it has shown that the amount in controversy exceeds $75,000. As explained below, the Court finds that Defendant has not met its burden of showing that the amount in controversy requirement is met at this time.

There is not a sufficient factual explanation of Plaintiff's actual damages before the Court. Without such information, it is impossible for the Court to give any weight to Plaintiff's pre-suit demand letter or her CRN.

While pre-suit demand letters may be considered in determining the amount in controversy, "a court may refuse to credit the sum demanded if it does not correlate [to] the plaintiff's damages." Ashmeade v. Farmers Ins. Exchange, 2016 WL 1743457, at *2 (M.D. Fla. May 3, 2016)(citations omitted). As explained by one court:

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Ashmeade, 2016 WL 1743457, at *3. Given that the demand letter in the instant case provides no information regarding Plaintiff's specific damages, the Court will not credit the $100,000 settlement demand as a reasonable assessment of Plaintiff's valuation of her claim.

The CRN—in which Plaintiff simply states that her claim clearly warrants payment of the policy limit—suffers from the same deficiency. There are several cases within the Middle District of Florida that conclude that CRNs are not sufficient evidence of the amount in controversy unless there is also specific information to support the amount demanded in the CRN. See Yetter v. Amica Mutual Ins. Co., 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013)(considering the CRN, but also noting that the plaintiff stated in the CRN that her doctors recommended that she undergo spinal surgery); Houston v. Garrison Property & Cas. Ins. Co., 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014)(concluding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing $56,255.17 in medical bills, were not sufficient to establish diversity jurisdiction); Green v. Travelers Indemnity Co., 2011 WL 4947499, at *3-4 (M.D. Fla. Oct 18, 2011)(concluding that the plaintiff's CRN demanding the $100,000 policy limit was not sufficient to establish diversity jurisdiction, because the record lacked specific facts to remove the uncertainty regarding the value of the plaintiff's claim); Beal v. State Farm Automobile Ins. Co., 2012 WL 4049516, at *2-3 (M.D. Fla. Sept. 12, 2012)(concluding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing damages totaling less than $75,000, were not sufficient to establish diversity jurisdiction); Longmire v. Allstate Property & Cas. Ins. Co., 2015 WL 12856095, at *1 (M.D. Fla. Aug. 10, 2015)(considering the valuation of the plaintiff's claim set forth in the CRN because the CRN also contained a description of serious and permanent injuries suffered by the plaintiff).

This Court acknowledges that it has found a case in which a court has accepted as sufficient the plaintiff's conclusory statement within a CRN that her claim exceeded $75,000.

See Smith v. State Farm Mutual Automobile Ins. Co., 2010 WL 9871641, at *2 (S.D. Fla. Sept. 14, 2010). However, that case appears to be the first reported case within the Eleventh Circuit on the issue and contains no other analysis. As such, the Court is not persuaded by the Smith case.

Based on the above, this Court concludes that Plaintiff's bare-bones pre-suit demand letter and conclusory allegation in her CRN are not sufficient to meet Defendant's burden of showing that the amount in controversy exceeds $75,000. As such, this Court concludes that it lacks diversity subject matter jurisdiction.

### III. Fees and Costs

Plaintiff requests fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that an order remanding a case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal. The Supreme Court has set forth the following standard for awarding attorneys' fees when granting a motion to remand: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp.,546 U.S. 132, 141 (2005)(citations omitted).

In the instant case, the Court finds that Defendant had an objectively reasonable basis for removal given the existence of the conflicting authorities cited above (i.e., the Smith case). Therefore, the Court denies Plaintiff's request for fees and costs under 28 U.S.C. § 1447(c).

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED**, but her request for fees and costs is **DENIED**. The Clerk is directed to remand this case to state court, terminate all pending motions, and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record